# RCB L&R

## ROSENBERG CALICA
## BIRNEY LIEBMAN & ROSS LLP

100 Garden City Plaza, Suite 408, Garden City, New York 11530    TELEPHONE 516-747-7400

**Joshua M. Liebman**  
Partner  
EMAIL ADDRESS:    JLIEBMAN@ROSENBERGLLP.COM

DIRECT DIAL:    (516) 747-7400 (Ext. 333)  
Fax:    (516) 747-7480

December 2, 2024

The Honorable Joan M. Azrack  
United States District Court  
Eastern District of New York  
100 Federal Plaza  
Courtroom 920  
Central Islip, New York 11722

      Re:    Town of Hempstead, et al. v. Hochul, et al.,  
                2:24-cv-08121(JMA) (ARL)

Dear Judge Azrack:

      We represent plaintiffs in the above-referenced action. We write in response to the MTA/TBTA defendants' ("MTA/TBTA") letter of November 27, 2024 (ECF. No. 11). For the reasons set forth below and in our letter of November 27, 2024 (ECF. No. 9), the plaintiffs continue to oppose MTA/TBTA's transparent attempt to shoehorn themselves into federal jurisdiction by embroiling the court and the plaintiffs in an expedited transfer motion prior to the determination of plaintiffs' motion to remand. Especially given the urgent relief sought by plaintiffs in their state court action, the first order of business must and should be a determination of whether the court has jurisdiction over this purely state court action. Even the case cited by MTA/TBTA in their letter (Williams v Connell, 12CIV3593SLTVVP, 2017 WL 2829686 [EDNY June 29, 2017]) supports plaintiffs' argument, inasmuch as the Court in Williams resolved the remand motion before moving on to consider transfer of venue.

      Contrary to MTA/TBTA's accusation, it is not plaintiffs, but MTA/TBTA which has injected "needless complexity" into this case by baselessly removing this action to federal court apparently for purposes of frustrating the jurisdiction of the state courts and delaying resolution of plaintiffs' application for preliminary relief.

      We also note that despite MTA/TBTA's aspersions and accusations, there was nothing improper about plaintiffs' commencement of a new action in state court. The Town's state law action arises exclusively from the MTA/TBTA's *recent* illegal sham vote to "unpause" and implement the amended congestion pricing program in violation of, inter alia, the State Administrative Procedure Act. This vote occurred on November 14, 2024, close to 6 months



after the Town's federal court action was filed. The plaintiffs' state law claims and the Town's pending federal litigation thus arise from completely different sets of operative facts and there is no overlap in the legal claims. This distinction is equally applicable to the New Yorkers Against Congestion Pricing Southern District action which commenced nearly 10 months before plaintiffs' state law claims in this case even accrued.

Far from engaging in improper "claim splitting" as MTA/TBTA's pejoratively suggests, plaintiffs were properly exercising their fundamental right to assert their separate state law claims in state court.

Plaintiffs have a right to challenge *state-sanctioned* conduct in a *state court* under *state law*, and the MTA/TBTA's efforts to thwart this right should be rejected. We thank the Court for its courtesies and cooperation.

Respectfully submitted,

**ROSENBERG CALICA BIRNEY LIEBMAN & ROSS LLP**

By: _____
Joshua M. Liebman
Judah Serfaty
Peter J. Clines

cc: Kaplan Hecker & Fink LLP (via CM/ECF)